STATE Ex Rel. BOARD of RAILROAD COM'RS Et Al., Relators, v. DISTRICT COURT of SECOND JUDICIAL DIST. of MONTANA, in and for SILVER BOW COUNTY, Et Al., Respondents.

No. 8713

Submitted December 16, 1946. Decided December 19, 1946.

175 Pac. (2d) 173

Mr. R. V. Bottomly, Atty. Gen., Mr. Clarence Hanley, Asst. Atty. Gen., and Mr. Edwin S. Booth, Sp. Asst. Atty. Gen., for Board of Railroad Com'rs.

Mr. Edmond G. Toomey, Mr. Charles N. Wagner and Messrs. Toomey, McFarland & Wagner, all of Helena, for defendants.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

This proceeding seeks to compel respondent court to set aside a judgment entered by it in the case entitled "Board of Railroad Commissioners, etc., v. Aero Mayflower Transit Co.," and to enter a different judgment. The case of Board of Railroad Commissioners v. Aero-Mayflower Co. was before this court and is reported in 172 Pac. (2d) 452.

The court entered judgment for the board and against the Aero Company for the tax due for the three-year period of 1937, 1938 and 1939 under section 3847.16 and for the years 1936, 1937, 1938 and 1939 under section 3847.27. These were the only years covered by the pleadings in the case.

Relator contends that the court should have entered judgment as requested by it compelling the Aero Company to file report and pay the fee required not only for the years covered by the judgment actually entered but for succeeding years up to the date of compliance. Accompanying relator's application is copy of an order of the lower court dissolving a restraining order issued on October 13, 1939, and during the pendency of

that action in that court. That order granted the application to dissolve and set aside the temporary restraining order effective upon the Aero Company filing a bond with the clerk of the court in the sum of $5,000, and conditioned "that if the said restraining order shall be dissolved and the said defendant shall have restored to it its right to operate, in interstate commerce only, into, out of, through and across the State of Montana, during the pendency of said litigation and until final determination thereof in the courts, the said defendant and its surety agree to pay to the plaintiff Board of Railroad Commissioners and/or the State of Montana, any and all fees involved in this action and any and all fees which shall accrue during the pendency of the litigation consequent thereon, the payment of which shall, on final determination of said litigation be determined to be due and owing by the defendant to said plaintiff and/or the State of Montana, under the provisions of section 3847.16 and 3847.27, Revised Codes of Montana, 1935, if at all."

Also, relator has filed with its application a copy of the bond executed pursuant to the order dissolving the restraining order, reciting that the Board of Railroad Commissioners is demanding of the Aero Company the sum of $10 per year for the years 1937, 1938 and 1939 for each of its trucks which had been in Montana during each of said years and, in addition, is demanding a minimum of $15 per truck based on gross operating revenue and stating that action therefor had been commenced and a restraining order issued and in consideration of the dissolution thereof, the Aero Company and its surety agrees to "promptly pay to said Board of Railroad Commissioners, the aforesaid fees, together with any like fees accruing during the pendency of said litigation, the payment of which shall, on final determination of said litigation, be determined to be due and owing by it."

Of course the only question before this court on the appeal was whether the statutes, sections 3847.16 and 3847.27, were valid and enforceable. This court was not necessarily concerned with any years other than those involved in the plead-

ings. However, when once the law applicable was settled by decision of this court, the lower court should have entered the kind of judgment contemplated by the parties when they sought and obtained a dissolution of the restraining order and placed a bond conditioned as above noted. It was this kind of judgment the relator requested should be entered.

Had the restraining order not been dissolved of course the Aero Company could not have operated and no further fees would have accrued during the pendency of the litigation. But the inducement for setting aside the restraining order was to enable the Aero Company to continue its operations and hence additional fees would accrue for the period pending the litigation. It was to meet this situation that the bond was furnished.

Clearly the parties contemplated that the Aero Company would pay not only the tax accrued during the years covered by the pleadings but also such as would accrue during the pendency of the litigation. Such is the recitation in the order characterizing the type of bond required and such is the promise made in the bond. Those documents were not before us on the appeal, but are a part of the records in the court below and of which that court should take judicial notice in entering judgment. In re Kostohris' Estate, 96 Mont. 266, 29 Pac. (2d) 829. When relator submitted the form of judgment, it was proper to make reference to the files of the case to determine whether the offered judgment was proper in view of the conditions upon which the restraining order was dissolved.

No useful purpose would be subserved in requiring relator to institute action covering the years subsequent to those involved in the pleadings in the case which was tried. The points of law have been settled. There remains but a matter of mathematical calculation upon subsequent reports.

Of course should any controversy arise from any of such reports, the parties should have opportunity for hearing. Multiplicity of actions may be avoided by proceeding in this manner and such was the evident intention of the parties.

The relief applied for is granted.

Mr. Chief Justice Lindquist and Associate Justices Morris and Adair concur.